**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DOM HAMRICK,

                        Plaintiff,

     - v -                                                    Civ. No. 1:12-CV-576
                                                                             (TJM/RFT)

DANIELLE LYNN HAMRICK, *Employee of NY Office of the Attorney General*; ERIC T. SCHNEIDERMAN; *New York State Attorney General*; P. DAVID SOARES; *Albany County District Attorney*; RONALD BOISVERT, *Chief of Police*; KATHLEEN M. DALTON, *Ph.D., Commissioner*,

                        Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

DON HAMRICK
Plaintiff, *Pro Se*
*No Current Address, Relocating Somewhere*
*Not Yet Decided in the Southern U.S.*
*Previous Address: 5860 Wilburn Rd., Wilburn, Arkansas 72179*
Email: ki5ss@yahoo.com

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

     The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Don Hamrick. Dkt. No. 1, Compl. Hamrick has also filed an Application for Leave to Proceed *In Forma Pauperis* ("IFP"), Dkt. No. 2, a Motion to Appoint Counsel, Dkt. No. 3, and a Motion for a Temporary Injunction from the enforcement of a Watervliet City Court arrest warrant issued against Plaintiff, Dkt. No. 4.

## I. DISCUSSION

### A. Application for Leave to Proceed *In Forma Pauperis*

Turning first to Hamrick's Application for Leave to Proceed *In Forma Pauperis*, this Court has reviewed Plaintiff's submission and finds that Plaintiff may properly proceed with this matter IFP.

### B. Allegations in Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is the responsibility of the court to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action. "A court may also dismiss a complaint pursuant to . . . 28 U.S.C. § 1915(e)(2)(B) . . . if it determines that it plainly lacks jurisdiction . . . ." *Prince v. Social Sec. Admin.*, 2011 WL 5884851, at *2 (E.D.N.Y. Nov. 22, 2011) (citing *McGann v. Commissioner*, 96 F.3d 28, 30 (2d Cir. 1996)). Indeed, a federal court has an independent obligation to examine the basis of its jurisdiction, *see FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), and must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." FED.R.CIV.P. 12(h)(3).

Here, Plaintiff states that he is bringing this action pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. §§ 1985(2) & (3), and 42 U.S.C. § 1988. *See* Compl. at p. 1. However, a review of his Complaint clearly belies Plaintiff's contention that this action is covered under any federal statute. Summarized to the best of this Court's ability, Plaintiff alleges that Defendant Danielle

Lynn Hamrick may or may not be the Plaintiff's biological daughter, due to "recently discovered circumstantial evidence casting serious doubt about paternity," and that Plaintiff is seeking a DNA paternity test through the New York State Supreme Court for Albany County. *Id.* at pp. 2-3. Defendant Danielle Lynn Hamrick, who is an employee of the New York State Office of the Attorney General, has purportedly "commit[ted] intentional and negligent infliction of emotional distress as well as emotional blackmail denying Plaintiff's right[s] and moral duties and obligations as her father and grandfather to her children." *Id.* at p. 3. Specifically, Plaintiff is upset with Defendant Danielle Lynn Hamrick's involvement with a Watervliet City Court arrest warrant issued against Plaintiff that was based on 300 pages of "anger filled" email messages Plaintiff sent to Danielle Lynn Hamrick. *Id.* Plantiff contends these email messages were "sent as a father to persuade his Defendant daughter to cease and desist with her hostile behavior, including the ongoing silent treatment of the Plaintiff . . . . Actions of a father correcting his adult daughter's abnormal behavior under these circumstances cannot be construed as AGGRAVATED HARASSMENT IN THE SECOND DEGREE (N.Y. Penal Law § 240.30)." *Id.*

Plaintiff also sues New York State Attorney General Eric T. Schneiderman for "negligent supervision and negligent retention of Defendant Danielle Lynn Hamrick." *Id.* Plaintiff claims only that "Defendant Eric T. Schneiderman knew or should have known about Defendant's propensity to abuse her position as his employee after she . . . put her Plaintiff father on a "No Contact List" at the New York Office of the Attorney General [to] prevent[] Plaintiff [from] calling her while she is at work." *Id.* at p. 4. Plaintiff also is attempting to bring suit against Albany County District Attorney David Soares, "pursuant to the Doctrine of Respondeat Superior," and Ronald Boisvert, Chief of the Watervliet Police Department, both for "gross negligence, culpable negligence, passive

negligence, concurrent negligence and imputed negligence," related to the arrest warrant issued against Plaintiff by Watervliet Police City Court for Aggravated Harassment in the Second Degree for sending his daughter, Defendant Danielle Lynn Hamrick, three hundred pages of email messages. *Id.* Finally, Plaintiff also sues Kathleen M. Dalton, Commissioner of the Albany County Department of Social Services, for "gross negligence, culpable negligence, passive negligence, concurrent negligence and/or imputed negligence" related to an Albany County Department of Social Services' employee's denial of Plaintiff's Complaint against his daughter. *Id.* at pp. 2 & 5.

Clearly, Plaintiff's action cannot be pursued under § 1983. Hamrick does not identify any specific or cognizable constitutional or federal right that was allegedly violated. Instead, his claims consist of intentional emotional distress and negligence only. His allegations, quite frankly, take the form of an emotionally vexed father who claims that his daughter is causing him distress by denying "Plaintiff's right and moral duties and obligations as her father and grandfather to her children" by her on-going effort to cut him out of her life while, in the same breath, claiming that he has doubt that she is actually his biological daughter. Nor can this action be brought under any other federal statute Plaintiff identifies in his Complaint. This lawsuit, despite the inclusion of Defendant Danielle Lynn Hamrick's employer, Attorney General Eric T. Schneiderman, and state actors like Defendants Soares, Boisvert, and Dalton, states no federal claims upon which relief can be granted. The subject matter jurisdiction of the federal courts is limited, and because Plaintiff fails to allege any claim invoking a "federal question," jurisdiction cannot be found under 28 U.S.C. § 1331.

This does not end our review, however. The Second Circuit has repeatedly enunciated a district court's obligation to read *pro se* complaints liberally. *See Phillips v. Girdich*, 408 F.3d 124,

130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a *pro se* litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest."). Therefore, we review Hamrick's Complaint in order to find another basis for this Court's exercise of its subject matter jurisdiction. Because he complains only of state common law violations, we consider whether he has adequately shown that the Court may exercise its diversity of citizenship jurisdiction under 28 U.S.C. § 1332.[1]

For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a state or of different States

28 U.S.C. § 1332(a).

For diversity jurisdiction purposes, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements: "(1) physical presence in a state and (2) the intent to make the state a home." *See Zimak Co. v. Kaplan*, 1999 WL 38256, at *2 (S.D.N.Y. Jan. 28, 1999) (quoting 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.34[2] (3d ed. 1998)). Additionally, plaintiffs bear the burden of pleading and proving that diversity of citizenship

---

[1] It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction, thus, we must examine whether diversity jurisdiction exists. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*).

exists. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

Here, Plaintiff provides no information whatsoever by which this Court could determine his domicile for diversity of citizenship purposes. He states that he has "no current address," that he is "relocating somewhere," and that at some point he previously lived in Arkansas. *See* Compl. at p. 1. He also states, in his Application for Leave to Proceed IFP, that he leads a "nomadic life traveling from throughout the United States trying to start a new life." Dkt. No. 2, at p. 2. While this Court empathizes with the struggles of earning a living and making a home, Plaintiff cannot claim federal jurisdiction under diversity of citizenship while, at the same time, failing to provide this Court with the means by which we could determine if diversity exists. *See Closter Golf Assocs. v. Exec. Mortg. Serv. Corp.*, 1990 WL 160902, at *1 (S.D.N.Y. Oct. 12, 1990) (holding that a plaintiff who did not provide information about his citizenship or alien status in his pleading did not sufficiently state a basis for diversity of citizenship jurisdiction).

When subject matter jurisdiction is lacking in an action, dismissal is mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Therefore, because Hamrick has failed to establish a basis for the Court's subject matter jurisdiction, dismissal of his claims is mandated. *Herrick Co., Inc. v. SCS Commc'n, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (noting that the party seeking to invoke the court's jurisdiction bears the burden of "demonstrating that the grounds for diversity exist and that diversity is complete." (citations omitted)).

Nonetheless, even if Plaintiff did allege facts by which this Court could exercise subject matter jurisdiction, Plaintiff's claims against Defendants Schneiderman, Soares, Boisvert, and Dalton must be dismissed for a lack of personal jurisdiction. It is well settled that the personal

involvement of a defendant is a prerequisite for the assessment of damages in a § 1983 action. *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). Furthermore, the doctrine of *respondeat superior* is inapplicable to § 1983 claims. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (internal citations omitted); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Thus, a defendant may not be liable for damages simply by virtue of holding a supervisory position. *See*, *e.g.*, *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Plaintiff sues these Defendants only in their roles as supervisors over their respective departments. He has failed to make any allegations describing what the named Defendants themselves actually did or did not do that lead to their inclusion in Plaintiff's Complaint. Therefore, even if this Court could exercise subject matter jurisdiction over this action, Plaintiff's failure to allege any personal involvement on the part of these Defendants should result in their dismissal from this action.

Lastly, again assuming that Plaintiff did allege facts by which this Court could exercise jurisdiction over this matter, Plaintiff's claims against Defendant Danielle Lynn Hamrick fail to state a claim upon which relief may be granted. When reviewing a complaint pursuant to 28 U.S.C. § 1915A, the court may look to the Federal Rules of Civil Procedure for guidance. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." SEE FED. R. CIV. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (citation and emphasis omitted). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.544, 557 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Plaintiff makes the conclusory statements that Defendant Danielle Lynn Hamrick "commit[ted] intentional and negligent infliction of emotional distress as well as emotional blackmail," but does not say how she accomplished this alleged wrongdoing. *See* Compl. at p. 3. Reading his allegations liberally, as we must, the only factual details he provides by which this Court could evaluate the plausibility of his claims are that Defendant Hamrick has responded to text messages that Plaintiff has sent to her, and that Defendant Hamrick may have had some involvement in the Watervliet City Court issuing an arrest warrant for Plaintiff. *See id.* at pp. 3 & 16-19. These allegations clearly do not state a claim of intentional nor negligent infliction of emotional distress upon which relief may be granted, and, accordingly, should be dismissed.

Therefore, as the foregoing discussion reveals, the claims set forth in the Complaint are subject to dismissal under 28 U.S.C. § 1915(e). This Court recognizes the Second Circuit's

preference to provide *pro se* plaintiffs with leave to amend their pleadings prior to dismissal. However, in light of the discussion herein, providing Plaintiff with an opportunity to amend his vexatious, harassing, and clearly meritless Complaint would be futile. Further, because Plaintiff has made no showing of any claim upon which relief may be granted, Plaintiff's Motion for Court Appointment of an Attorney, Dkt. No. 3, is **denied**, and the Motion for Temporary Injunction against Watervliet City Court's Arrest Warrant, Dkt. No. 4, should be **dismissed** as moot.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. No. 2) is granted; and it is further

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **dismissed**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii), for failure to establish subject matter jurisdiction and for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that Plaintiff's Motion for Court Appointment of an Attorney (Dkt. No. 3) is **denied**; and it is further

**RECOMMENDED**, that Plaintiff's Motion for Temporary Injunction against Watervliet City Court's Arrest Warrant (Dkt. No. 4) is **denied**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action, and upon the Plaintiff using the email address that he has provided.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   April 17, 2012
        Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge